## Charles Marvel v. E. W. Marvel.

1. GAMBLING—*Burden of Proof in Suits to Recover Money Invested in Option Deals.*—Where a defendant in a suit to recover money invested in option deals claims items of the account sued upon were in their nature mere gambling in options or differences, the burden is upon him to prove it.

**Assumpsit,** to recover money invested in options. Appeal from the Circuit Court of De Witt County; the Hon. WILLIAM G. COCHRANE, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

FRED BALL, JOHN FULLER and GEO. K. INGHAM, attorneys for appellant.

GEORGE B. MARVEL and WARNER & LEMON, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit was in assumpsit by appellee against appellant to recover certain items of account against the latter, and a jury having been waived the trial by the court ended in a finding and judgment against appellant for $501.80, to reverse which he brings this appeal, and to effect such reversal has argued that the finding and judgment are contrary to the law and the evidence of the case.

The general issue was pleaded to the declaration, also set-off and that the transactions in suit were mere option deals, or gambling on differences in the prices of grain. Appellee proved the items of his account by his own testimony and his books of account to the extent of the finding, and also the further item of Marvel and Baker, $106.15, which the court rejected. Appellant claimed the major part of the items of account were in their nature mere gambling in options or differences, but the evidence fails to show that appellee knew it was the intention of appellant to settle differences merely, when he procured appellee, as he did, to make the deals and advance the money for him, and of this the burden was upon appellant. Appellant also insists that

he gave his note to appellee for $300, and paid it afterward, but the evidence does not affirmatively show it had relation to the matters in controversy here; but the evidence does show there were divers transactions between the parties besides those in suit, and the burden was upon appellant to show the $300 note and its payment included the items now claimed by appellee in this suit.

Upon the whole evidence we are not inclined to disturb the finding of the trial judge, who saw and heard the witnesses and had a better opportunity to judge the credibility of the witnesses than we have, and we therefore affirm the judgment.   Affirmed.